## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**Civil Action No.**

**STONEX COMMODITY SOLUTIONS LLC**
**f/k/a FCSTONE MERCHANT SERVICES,**
**LLC, a Delaware Limited Liability Company**

      **Plaintiff,**

**v.**

**THOMAS BUNKLEY III, an individual**

      **Defendant.**

_____

## COMPLAINT

StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services, LLC, a Delaware Limited Liability Company ("**Plaintiff**"), files this Complaint against the Defendant, Thomas Bunkley III, an individual ("**Defendant**"), and alleges:

## THE PARTIES, JURISDICTION & VENUE

1.     Plaintiff is a Limited Liability Company formed under Delaware law.

2.     Plaintiff's sole member, Global Futures & Forex, Ltd., is a Michigan corporation.

3.     Defendant is an individual domiciled in New Mexico and is a citizen of New Mexico.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and Defendant are citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of the State of New Mexico.

## FACTS SUPPORTING CLAIMS

### A.      The Master Agreement and Guaranty

6.      On or about August 31, 2018, Plaintiff and CapRock Land Company, LLC ("**CapRock**") entered into a Master Purchase and Sale Agreement ("**Original Agreement**").

7.      On or about October 13, 2022, Plaintiff and CapRock entered into an Amended and Restated Master Origination and Sale/Repurchase Agreement ("**Master Agreement**"). A true and correct copy of the Master Agreement is attached hereto as **Exhibit A**.[1]

8.      On or about March 12, 2020, Defendant executed a Personal Guaranty of the Original Agreement, as amended and restated as of the date of the Guaranty. A true and correct copy of the Personal Guaranty is attached hereto as **Exhibit B** ("**Guaranty**").

9.      The Guaranty provides, in relevant part, that Defendant is bound as surety for and co-principal debtor with CapRock, and that Defendant will "pay immediately and unconditionally on first demand" to Plaintiff any indebtedness owed by CapRock under or related to the Master Agreement (or prior iterations thereof).

10.      The Guaranty is of payment and not of collection, and Plaintiff is not obligated to make any demand of CapRock or take any action or obtain judgment against CapRock prior to enforcing its remedies under the Guaranty against Defendant.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Master Agreement.

11.     At the time Defendant executed the Guaranty, and otherwise at all times relevant hereto, Defendant was lawfully married to Erin Bunkley, a citizen of New Mexico.  Accordingly, Defendant's liability under the Guaranty is a "community debt" as such term is defined in N.M.S. § 40-3-9(A)(4).

12.     Pursuant to the Master Agreement, Plaintiff and Defendant agreed to enter into one or more transactions for the sale, purchase, storage, and/or delivery of certain quantities of Eligible Commodities ("**Commodity**"). Generally, the Commodity subject to the Master Agreement was organic cereal grain. Namely, corn, soybeans, soybean meal, and soybean oil.

13.     Concurrently or following any Inventory Purchase Transaction under Section 2.1 of the Master Agreement, Plaintiff and CapRock could enter a corresponding forward sale of the Commodity acquired by Plaintiff (a "**Sale Transaction**").

14.     Pursuant to Section 2.4(c) of the Master Agreement, title to the Commodity would transfer only upon completion of the Sale Transaction.

15.     Defendant was required to pay Plaintiff for the Commodity subject to a Sale Transaction within sixty (60) days ("**Net 60 Terms**").

## B.     Defendant's Breach of the Master Agreement

16.     Beginning in or about June 2023, Plaintiff became aware of a shortfall of its Commodity in one or more Approved Storage Facilities.

17.     Upon information and belief, CapRock, through Defendant, removed or allowed to be removed Commodity from the Approved Storage Facility, or otherwise created the

circumstances leading to the shortfall of Commodity, in violation of Plaintiff's ownership rights and the terms of the Master Agreement.

18.     Upon information and belief, CapRock, through Defendant, commingled Plaintiff's Commodity with commodity in which a third party may claim an interest, in violation of Section 2.1(d) of the Master Agreement. Plaintiff may dispute such third party's ownership of commingled Commodity, if any.

19.     In early August 2023, CapRock and Defendant conceded to Plaintiff that there had been a Commodity loss at an Approved Storage Facility, acknowledging that Defendant could not locate all the Commodity which was expected and required to be present in such Facility.

20.     As of the date of this filing, Plaintiff continues to investigate the disposition and/or location of the Commodity missing from the Approved Storage Facilities.

## COUNT I – BREACH OF GUARANTY

21.     Plaintiff incorporates the allegations in paragraphs 1-20 of this Complaint as if fully set forth herein.

22.     Section 7.1 of the Master Agreement provides that upon Defendant's breach, Plaintiff may designate an early termination date for the liquidation and termination of all open Sale Transactions ("**Terminated Transactions**"), accelerating all Defendant's obligations under the Master Agreement with respect thereto.

23.     On August 17, 2023, Plaintiff sent Defendant a Notice of Default and Reservation of Rights.

24.     On August 23, 2023, Plaintiff sent Defendant a Designation of Early Termination Date, setting the Early Termination Date as August 23, 2023.

25.     Plaintiff is entitled to recover from Defendant the value of all Terminated Transactions as of the Early Termination Date, with an allowance for the Market Value of the Terminated Transactions, if any ("**Deficit**").

26.     Upon information and belief, the Deficit is approximately $11,900,000, subject to Plaintiff's completion of its investigation into the disposition and location of Commodity.

27.     Plaintiff is further entitled to recover from Defendant the amount owed for all unpaid Commodity delivered by Plaintiff in connection with the Terminated Transactions, i.e., the outstanding account receivable under the Net 60 Payment Terms ("**Account Receivable**").

28.     The Account Receivable as shown on Plaintiff's books and records is approximately $4,400,000.

29.     Pursuant to Section 2 of the Guaranty, Plaintiff is entitled to recover from Defendant all interest, reasonable attorneys' fees, litigation costs, and other costs of collection, related to the Master Agreement and collection of amounts due Plaintiff thereunder.

WHEREFORE, Plaintiff StoneX Commodity Solutions LLC, respectfully requests entry of a money judgment against Defendant Thomas Bunkley III as set forth herein together with all interest, reasonable attorneys' fees, litigation costs, and other costs of collection, and such other and further relief as is proper.

DATED: August 31, 2023

                        Respectfully submitted,

                        POLSINELLI PC

                        By:   */s/ Isaac Estrada*
                               Isaac Estrada, Esq.
                               555 Fayetteville St., Suite 720
                               Raleigh, NC 27601
                               (919) 832-1744
                               iestrada@polsinelli.com

                        ATTORNEYS FOR
                        STONEX COMMODITY SOLUTIONS LLC