IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STONEX COMMODITY SOLUTIONS LLC,
a Delaware Limited Liability Company,
f/k/a FCStone Merchant Services, LLC,

    Plaintiff,

v.

    Case No. 1:23-cv-00735-MLG-LF

THOMAS BUNKLEY III,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff StoneX Commodity Solutions LLC's ("StoneX") motion for partial summary judgment. Doc. 27. The Court also addresses Defendant Thomas Bunkley III's ("Bunkley") motion for leave to file his first amended answer. Doc. 28.

Having reviewed the parties' briefing, the applicable law, and having held a hearing on July 29, 2024, the Court denies without prejudice to refiling StoneX's motion for partial summary judgment and grants Bunkley's request for discovery pursuant to Fed. R. Civ. P. 56(d). The Court grants Bunkley's motion for leave to file his first amended answer.

## DISCUSSION

### I. Background

This action arises out of a contractual dispute between StoneX, Bunkley, and Bunkley's wholly controlled affiliate, CapRock Land Company, LLC ("CapRock Land"). In 2018, the parties entered into a contract (titled the "Original Agreement") which was intended to assist with CapRock Land's carrying inventory. In short, CapRock Land would purchase grains, sell to StoneX, and then buy back that inventory for eventual sale to CapRock Land's end customers.

1

Doc. 27 at 3-4; Doc. 36 at 11-12. In October 2022, the parties amended this Original Agreement and entered into a "Master Agreement" whereby they again agreed to terms regarding the sale, purchase, storage, and delivery of organic cereal grain. Doc. 27 at 4; Doc. 27-5. Bunkley also executed a Personal Guaranty of the 2018 Original Agreement, which was incorporated into the Master Agreement. Doc. 27 at 5. The parties then executed various individual transactions pursuant to the Master Agreement. Doc. 27 at 6-7; *but see* Doc. 36 at 13-14. The parties now dispute the nature of those transactions. *Id.*

In early August 2023, the parties' relationship began to sour. CapRock Land reported to Stone X that it had lost (literally) a significant quantity of StoneX's commodity—i.e., organic cereal grain—at its storage facility in Baltimore. Doc. 27 at 7. This "shortfall" prompted StoneX, on August 23, 2023, to send CapRock Land a Notice of Default and Demand to Immediately Cease Deliveries. Doc. 27 at 7; Doc. 27-1. On that same date, StoneX also sent CapRock Land a Designation of Early Termination Date, set as August 23, 2023. Doc. 27 at 9; Doc. 27-10. StoneX filed suit shortly thereafter. Doc. 1.

## II.   Procedural Posture

After StoneX initiated this litigation, United States Magistrate Judge Fashing entered an initial scheduling order. Doc. 15. That directive provided deadlines for the parties to submit a joint status report and a provisional discovery plan. However, before those deadlines lapsed, and before any discovery had been initiated, StoneX filed its motion for partial summary judgment. Doc. 27. StoneX's motion seeks judgment on its claims that Bunkley and CapRock Land breached certain terms of the Master Agreement and that StoneX is entitled to damages consistent with the remedies provided therein. *See* Doc. 27 at 19.

In response, Bunkley contends that the "purchase and sale agreements" constitute loans and not individual transactions. Doc. 36 at 5-6. And because (in his view) they are loans, Bunkley argues they are usurious, which means that the agreements and his personal guaranty are void. Doc. 36 at 6; *see* N.Y. GEN. OBLIG. LAW § 5-511 (McKinney 1968). Bunkley further asserts that he has not yet had the opportunity to obtain information material to these arguments given the timing of Stone X's filing. He therefore seeks leave to obtain discovery pursuant to Rule 56(d). Doc. 36 at 1-11.

## ANALYSIS

### I.      Bunkley's Request for Discovery

Summary judgment is a drastic remedy, and it should be not granted improvidently. *McGill v. Am. Land & Expl. Co.*, 776 F.2d 923, 926 n.5 (10th Cir. 1985) ("We reiterate the teachings of our past cases that summary judgment is a drastic remedy that should be granted only with caution."). When assessing a summary judgment motion, the Court examines the factual record and draws all reasonable inferences in the light most favorable to the nonmoving party. *EFLO Energy v. Devon Energy Corp.*, 66 F.4th 775, 787 (10th Cir. 2023). "Where different ultimate inferences may properly be drawn, the case is not one for a summary judgment." *Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000) (citation omitted). The movant is entitled to judgment as a matter of law only when there is no genuine dispute as to any material fact. *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (quotation omitted). "The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, but once the moving party has done so, the burden shifts to the non-movant to establish a genuine issue of fact." *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022).

If, however, the non-movant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer ruling on the motion, allow time to obtain affidavits or declarations or to take discovery, or issue other appropriate orders. Fed. R. Civ. P. 56(d). While a party's Rule 56(d) application "should be liberally treated," the rule "may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (text only). The party seeking additional time must submit an affidavit explaining why facts precluding summary judgment cannot be presented. *Price ex rel. Price v. Western Res., Inc.*, 232 F.3d 779, 784 (10th Cir. 2000). "This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (text only).

In considering the propriety of a Rule 56(d) request, timing matters. Discovery is the norm prior to granting summary judgment, especially when the nonmoving party has not had a chance to discover information essential to its case. *See Trans-Western Petro., Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016). Common sense (and decisional authority) suggests that the Court should honor this standard where, as here, a party seeks summary judgment before a single interrogatory or request for production has been served. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) ("Typically, when the parties have no opportunity for discovery, denying the Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion."); *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003) ("Where, however, a summary judgment motion is filed

4

so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."); *George v. Go Frac, LLC*, Civil Action No. SA-15-CV-943, 2016 U.S. Dist. LEXIS 1581, at *6-7 (W.D. Tex. Jan. 7, 2016) ("Granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature.").

As required by Rule 56(d), Bunkley provides three affidavits in support of his discovery request: one from counsel, Doc. 36-2, another from a certified public accountant retained to assist Bunkley in various legal proceedings (including this one), Doc. 36-1, and another from Bunkley himself. Doc. 36-3. Those filings identify facts that are likely to be discovered and which are not currently available to Bunkley including: internal StoneX communications relating to the transactions at issue, various calculations pertaining to pricing and execution of transactions pursuant to the Master Agreement, accounting records, documents held by the Bankruptcy trustee that document individual transactions between StoneX and CapRock Land, and much more. Doc. 36 at 5-10. Taken together, Bunkley's affidavits sufficiently describe the need for discovery and identify unavailable facts bearing on key issues. Rule 56(d).

The remaining Rule 56(d) inquiries—why facts cannot be presented, what steps have been taken to obtain them, and how additional time will enable Bunkley to obtain them—are easily answered. Discovery has not yet commenced in this case, and StoneX filed the current motion just two weeks after the entry of the initial scheduling order.[1] Doc. 36 at 1-11, 47-48. Bunkley had no

---

[1] On this point, StoneX rebuts with judicial estoppel. *See* Doc. 27 at 20-22. Identifying *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1155 (10th Cir. 2007) and statements made in prior bankruptcy proceedings, StoneX concludes that "Bunkley would gain an unfair advantage in this case if allowed to take positions inconsistent with this prior sworn testimony." Doc. 27 at 22. Given that the Court's opinion is denying StoneX's motion without prejudice based on Rule 56(d)—not on substantive grounds—to allow for further discovery, the Court will not address this argument here.

opportunity to obtain the relevant facts because StoneX's motion is premature at this stage. Accordingly, the Court will grant Bunkley's Rule 56(d) request and deny StoneX's pending motion for partial summary judgment as moot.

## II.     Motion to Amend Answer

Bunkley also seeks leave to amend his answer pursuant to Fed. R. Civ. P. 15(a)(2). Doc. 28 at 1. Bunkley seeks to add four defenses: that the personal guaranty he entered is invalid; that the personal guaranty is criminally usurious; unclean hands; and that StoneX breached the Master Agreement first. Doc. 28 at 2-3, 13-14.

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The "purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (text only). So, unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice . . . [or] futility of amendment," the leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Applying this standard here, the Court sees no sound basis to deny Bunkley's motion. The case is still in the pleading stage, and this is Bunkley's first and only request for leave to amend. *Hip Hop Bev. Corp. v. RIC Representacoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 621 (C.D. Cal. 2003) ("To show 'undue delay,' the opposing party must at least show delay past the point of initiation of discovery….").

StoneX nevertheless argues that the four affirmative defenses are futile under New York law, and if the Court allows Bunkley to amend his answer, "the action would be in an entirely new procedural posture, with a new operative pleading, and the Summary Judgment Motion would

become moot." Doc. 39 at 2. These concerns are insufficient grounds to deny amendment. Although StoneX is concerned with process, permitting amendment will ensure this litigation proceeds along the correct procedural track: first, motions challenging the pleadings (including motions to dismiss), followed by discovery, and *then* summary judgment motions on a record that is sufficiently developed. A proper factual record will also assist in assessing the merits of Bunkley's affirmative defenses—i.e. whether those defenses are viable under New York law. *See Amann v. Office of the Utah Att'y Gen.*, No. 2:18-cv-00341, 2021 U.S. Dist. LEXIS 247748, at *11 (D. Utah, Dec. 28, 2021) (noting that arguments as to futility "are better suited to dispositive motions, which would permit full briefing on the merits of the affirmative defenses"). So, the Court need not undertake a futility analysis at this time.

The Court therefore grants Bunkley's motion for leave to file his first amended answer to add the four affirmative defenses. Doc. 28.

## CONCLUSION

StoneX's motion for partial summary judgment, Doc. 27, is denied without prejudice. StoneX may refile the motion after Bunkley has been afforded the opportunity to obtain discovery material to his arguments. The scope and timeframe for discovery is to be determined by Judge Fashing.

Bunkley's motion for leave to file his first amended answer, Doc. 28, is granted. Bunkley is directed to file his First Amended Answer, attached to his motion as Exhibit A, as a standalone filing within five business days of the entry of this order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA